92 F.3d 1187
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jeffery W. NORTHERN, Petitioner-Appellant,
v.
Thomas D. RICHARDS and Pamela Carter, Respondents-Appellees.
 No. 94-2107.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 23, 1996.*
Decided July 23, 1996.
 
 Before CUMMINGS, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from the district court's denial of Jeffery Northern's pro se petition brought under 28 U.S.C. § 2254. For the reasons set forth below, we affirm.
 
 
 2
 Northern is currently in the custody of the Indiana Department of Corrections at the Indiana State Prison in Michigan City, Indiana, on a 1984 Indiana burglary conviction. His projected release date is June 26, 2005. The events underlying Northern's habeas corpus petition occurred in the spring of 1991, when he was housed at the Westville Correctional Center in Westville, Indiana.
 
 
 3
 On the evening of May 16, 1991, Northern was discovered missing from his cell block at Westville. Approximately two hours later, Northern was found laying on the floor of the visitors' restroom, with his wrist bleeding. A conduct report was prepared and Northern was charged with Code Violation 219--Hiding Out to Effect an Escape--of the Adult Disciplinary Procedure of the Indiana Department of Correction. Thereafter, an investigation report was prepared by Michael Spears, detailing the observations of the witnesses to the incident, including a statement from Northern himself. On June 11, 1991, a hearing was held before the Conduct Adjustment Board ("CAB"). After reviewing the conduct report, the investigation report, and listening to the testimony of various witnesses, the CAB found Northern guilty. As a result, Northern was demoted in credit-earning class from class I to class II and deprived of 180 days of earned credit time. Northern filed a petition under 28 U.S.C. § 2254 requesting relief from the CAB decision. The district court denied the petition. This appeal follows.
 
 
 4
 On appeal, Northern claims that he was demoted in good time credit earning class and deprived of good time credits in violation of his right to due process because: (1) the CAB failed to follow various Indiana prison regulations; and (2) the CAB denied his requests for copies of written statements of witnesses whose testimony provided the basis for the investigation report and a medical report prepared by the psychiatrist who examined him the morning after the alleged escape attempt.
 
 
 5
 It is undisputed that "under Indiana law, state prison inmates have a protected liberty interest in earned good-time credits and in credit earning class, Ind.Code §§ 35-6-3, 35-6-4 (1988), and that the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded." Meeks v. McBride, 81 F.3d 717, 719 (7th Cir.1996) (citing Wolff v. McDonnell, 418 U.S. 539, 557 (1974)). As a prisoner, Northern was entitled to the following process before being deprived of this liberty interest:
 
 
 6
 (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action.
 
 
 7
 Rasheed-Bey v. Duckworth, 969 F.2d 357, 361 (7th Cir.1992).
 
 
 8
 Northern objects to the CAB's failure to present him with the conduct report within seven days after its preparation as required by procedure number 12(C)(6) of the Adult Disciplinary Policy Procedures of the Indiana Department of Correction, and the CAB's failure to submit the report more than ten days after the incident as mandated by Indiana Code § 11-11-5-5(b). Northern does not argue that he did not receive sufficient advance notice of the charges. He only claims that specific state procedural rules were not followed. While "[a] State may choose to require procedures against deprivation of substantive rights, ... in making that choice, the State does not create an independent and substantive right." Olim v. Wakinekona, 461 U.S. 238, 250-51 (1983). The CAB's failure to follow these procedural rules did not constitute a deprivation of due process.
 
 
 9
 Northern next argues that the CAB should have disclosed all written statements made by prison officials (and prisoners) whose observations provided the basis for the investigation report. Northern claims that these statements would have supported his contention that his hiding out in the visitors' bathroom was not an escape attempt. An inmate is "entitled to disclosure of exculpatory evidence, unless that disclosure would unduly threaten institutional concerns." Rasheed-Bey, 969 F.2d at 361. Northern does not, however, specify the exculpatory nature of these statements. More importantly, Northern never presented this claim to the district court. In his complaint, Northern argued that the CAB's failure to provide him with the witnesses' statements prior to the hearing prevented him from effective cross-examination at the CAB hearing. However, due process does not require that inmates be allowed to confront and cross-examine adverse witnesses at prison disciplinary proceedings. Id. Accordingly, the district court properly dismissed this claim.
 
 
 10
 Finally, Northern maintains that the CAB improperly denied his request for disclosure of an exculpatory medical report prepared by a psychiatrist at Memorial Hospital in Michigan City, Indiana on May 17, 1991, the day after the incident in question. Northern claims that in the May 17 report, he was found to be "mentally ill" and it was recommended that he be involuntarily transferred to the prison psychiatric unit after his release from the hospital. Northern argues that this report would have proven that his hiding out in the visitors' bathroom was part of a suicide attempt rather than a failed escape.
 
 
 11
 Failure to disclose exculpatory evidence constitutes a deprivation of due process, but only if disclosure would have affected the outcome of the disciplinary proceedings. See Milone v. Camp, 22 F.3d 693, 703 (7th Cir.1994), cert. denied, 115 S.Ct. 720 (1995). Since, as will be seen, the disclosure of the May 17 report would not have affected the outcome of the disciplinary proceedings, Northern's right to due process was not violated.[1]
 
 
 12
 First, the CAB's failure to provide Northern with the May 17 report did not leave him without any evidence of his mental instability. In his reply brief, Northern admits that he received the May 20 report of Doctor Evan Constan, Chief Psychiatrist at Westville Correctional Center, prior to the disciplinary hearing. This report detailed Northern's treatment following the May 16 suicide attempt, indicating that he had been placed on medication, in seclusion and on suicide watch. The report also provided that Northern had attempted suicide at Westville once before.
 
 
 13
 Moreover, the CAB was already aware that Northern had attempted suicide. The investigation report presented at the CAB hearing provided that when Northern was discovered, he was found "laying on the floor with the sink half full of blood, blood all on the floor, and on [his] left arm. [Northern] had his eyes open but was not saying anything." Report of Investigation of Incident, May 22, 1991.
 
 
 14
 Finally, this evidence of Northern's attempted suicide does not invalidate the CAB's decision. The investigation report presented to the CAB indicated the following. At approximately 4:30 p.m., Northern met with a prison official, Captain Blake. Northern informed Blake that he was not happy at Westville and wished to return to the Indiana State Prison. Blake told Northern to speak to the prison director about his request. Northern responded, stating "I'll just have to do what I have to do." Northern was last seen at 5:40 p.m., and was discovered missing from his cell block at 6:20 p.m. At 8:35 p.m., Northern was found lying on the floor of the visitors' bathroom with his wrist bleeding.
 
 
 15
 Although the report indicated that Northern eventually attempted suicide in the bathroom, the CAB decided that Northern's initial intent in leaving his cell block and entering the bathroom was to escape. Northern had expressed his intent to do whatever it took to leave Westville. A successful escape would have been more likely from the visitors' bathroom than from a prison cell block; a suicide might be attempted in any accessible secluded part of the prison. Northern's suicide attempt does not preclude a finding that he intended to escape--Northern might have decided to kill himself when faced with the realization that his attempted escape would not be successful. Since the CAB's finding was not arbitrary, it will not be disturbed. Meeks, 81 F.3d at 719 ("[I]n the context of a prison disciplinary proceeding, due process is satisfied as long as 'the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.' ") (quoting Walpole v. Hill, 472 U.S. 445, 457 (1985)).
 
 
 16
 For the above-stated reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Richards disputes the existence of the May 17 report. However, since failure to disclose this report did not violate Northern's right to due process, we need not consider this claim